IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **Craig Mally**, | Case No. 3:17-cv-01000-JR |
| Plaintiffs, | **ORDER** |
| v. | |
| **City of Beaverton, Eric Faulkner, in his official and individual capacities, and John Doe, in his official and individual capacities**, | |
| Defendant(s). | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on September 12, 2018. ECF 55. Magistrate Judge Papak recommended that Plaintiff's motion for partial summary judgment be DENIED.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection (ECF 58), to which Defendants responded. ECF 59. Plaintiff objects to the portion of Magistrate Judge Papak's recommendation finding genuine disputes of material facts in Plaintiff's excessive force claim, and further finding that a dispute of fact about whether Plaintiff has established that Officer Faulkner used excessive force precludes summary judgment on Plaintiff's state law assault and battery claims. Plaintiff also objects on the grounds that Magistrate Judge Papak considered evidence that is not relevant under Federal Rule of Evidence 401 or is substantially more unfairly prejudicial than probative under Federal Rule of Evidence 403.

The Court has reviewed *de novo* those portions of Magistrate Judge Papak's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections and Defendants' response. The Court agrees with Magistrate Judge Papak's reasoning regarding the

existence of genuine disputes of material facts and ADOPTS those portions of the Findings and Recommendation.

The Court finds that genuine disputes of material fact exist about the cause and extent of Plaintiff's injuries. Some key factual disputes involve whether Officer Faulkner followed routine procedures when placing handcuffs on Plaintiff and whether Plaintiff's injuries were consistent with excessively tight handcuffs or could also have been caused by struggling against handcuffs. There is also a genuine dispute of fact over whether Plaintiff's continuing injuries are due to handcuffs and not some other cause, such as carpal tunnel syndrome. The lack of a specific and particular recollection on the part of Officer Faulkner about the circumstances of Plaintiff's case does not mean that Plaintiff's evidence is undisputed. It is for a finder of fact to determine whether Officer Faulkner followed his routine procedures in Plaintiff's arrest.

Finally, although Magistrate Judge Papak did not address Plaintiff's evidentiary objections to Defendants' factual statements, Plaintiff's objections are without merit. "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence . . . ." Fed. R. Evid. 401(a). The facts that Plaintiff argues are inadmissible due to their irrelevance are facts pertaining to Plaintiff's arrest and transport to jail, his medical treatment, and testimony from Officer Faulkner about his routine procedures for handcuffing detainees and ensuring that detainees receive necessary medical care. Evidence of a person's routine practices and procedures "may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit or routine practice." Fed. R. Evid. 406. The facts that Magistrate Judge Papak considered, including facts from Officer Faulkner's deposition that contradict Plaintiff's version of the facts, were relevant to the issue of liability.

At the summary judgment stage, Rule 403 objections are unnecessary because there is no jury that can be misled and no danger of confusing the issues. "While the Court may consider Plaintiff's views on whether Defendant's evidence is relevant, it need not exclude evidence at the summary judgment stage for danger of unfair prejudice, confusion of the issues, or any other grounds outlined in Rule 403." *See Montoya v. Orange Cty. Sheriff's Dep't.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013). Furthermore, the evidence that Plaintiff objects to under Rule 403 includes Defendants' evidence regarding Plaintiff's arrest and transport to jail, his medical treatment, and Officer Faulkner's routine procedures. This evidence is probative and not unfairly prejudicial. Plaintiff may renew any evidentiary objections before trial.

The Court ADOPTS Judge Papak's Findings and Recommendation (ECF 55). Plaintiff's motion for partial summary judgment (ECF 34) is DENIED.

**IT IS SO ORDERED.**

DATED this 23rd day of October, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge